## Cassiday *vs* McDaniel, &c.

### APPEAL FROM THE HICKMAN CIRCUIT.

*Jurisdiction. Parties. Trusts. Cestui que trust.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

CHANCERY.

*Case* 129.

July 22.

JOHN HANNA, the trustee of Mrs. McDaniel and her children, was an indispensable party in this case. No appropriate relief could be granted without having him before the Court. And as he neither appeared nor was served with process, though named as a party in the bill, it was erroneous to proceed to a final hearing and decree.

A trustee held to be a necessary party to a suit in regard to the trust property.— Naming the trustee in the bill, without service of process, does not make him a party.

We are, moreover, of opinion that the relief granted by the decree, by quashing and setting aside a Sheriff's sale and deed under execution, is not within the province of a Court of equity, and that if there be legal grounds for quashing the sale and deed, they should be presented in the common law Court, which has power over those proceedings, or if the objections be equitable merely, or such as though not sufficient to quash the sale, furnish ground in equity for depriving the purchaser wholly or partially, of the legal advantage which he has obtained, the Chancellor might direct a convey-

A Court of law is the appropriate tribunal to set aside a sale under execution, unless the objections be equitable merely, or such, though not sufficient to quash the sale, would show the party to have an undue advantage of which equity should wholly or partially deprive the purchaser.

CASSIDAY
*vs*
McDANIEL, &c.

*If a trust estate be subject to an equitable lien or charge, a purchaser thereof will hold, so far as that lien may extend, for his own indemnity.*

-ance upon equitable terms, or under particular circumstances, subject the property to a re-sale.

The present attitude of the case with respect to parties, does not allow a conclusive decision upon the merits. We cannot assume, as the case now stands, that Hanna, the trustee, was no party to the replevy bond, nor is it certain whether Mrs. McDaniel was or was not bound thereby. It is certain, however, that her children were not, and that the sale, even if valid and effectual as against the trustee and Mrs. McDaniel, could not extinguish the interest of the children. Then if the legal title passed, it is held subject to the trust in favor of the children, who cannot be deprived of their interest, except upon some ground of equity against themselves, nor further than is necessary to satisfy that equity. If the debt for which the sale was made was a part of the consideration for the estate held in trust, this might create an equity against all of the *cestuis que trust,* and the Chancellor should not deprive the purchaser of his title, without a satisfaction of that equity by the payment of the debt, or by a re-sale of so much of the land purchased as might be necessary for the purpose.

Assuming that such equity exists, we should be inclined to regard the purchaser as holding the title subject to the original trust, except so far as may be necessary to satisfy his own demand, with all reasonable charges. And even if he acquired a perfect title against the mother as a party to the execution, he would hold the residue in trust for the children, except so far as might be necessary for satisfying the residue of his demand as reduced by applying to its satisfaction the mother's interest. And in this view, the aid of the Chancellor would be necessary for ascertaining the respective interests of the parties, and controlling the legal title, as their respective equities might require. But it is exceedingly doubtful whether, even if the debt was properly chargeable upon the trust fund held for the separate use of a married woman and her children, the creditor purchasing the trust estate under an execution, against the trustee and the wife only, or all of several *cestuis que trust,* can hold the legal title in any other

manner than as trustee, first for his own indemnity, and then for the original uses. And it would seem to be more appropriate that the holder of such a demand, should in the first instance resort to the Court of equity for its enforcement.

But however this may be, we are satisfied that the *cestuis que trust* who are not parties to the execution sale, have a right to the aid of the Court in replacing the title in the original or other proper trustee, after fully discharging the demand of the purchaser. And if the trustee, Hanna, had been before the Court, and the decree had either allowed the redemption offered by the complainants, or directed a sale for the satisfaction of the debt for which the land was purchased by said Cassiday, with all reasonable charges, it would not, (assuming the debt to be properly chargeable against the trust estate,) have been deemed erroneous. But for the errors before noticed, the decree is reversed for further proceedings consistent with this opinion.

*Harlan & Craddock and Bullock* for appellant; *Cates* for appellees.

<div style="text-align:right">

Moody
*vs*
Ewing's ex'rs.

A *cestui que trust* is a necessary party to a suit which is to affect the trust estate.